UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE RELATING TO J.P. MORGAN MORTGAGE ACQUISITION CORP. 2005-FRE1 ASSET BACKED PASS-THROUGH CERTIFICATES. SERIES 2005-FRE1<br>    Plaintiff,<br><br>v.<br><br>TATYANA GRINASH, WASATCH LIEN SERVICE LLC, AGENT OF WEATHERGUARD CONSTRUCTION COMPANY, INC., ANATOLIY GRINASH,<br>    Defendants. | Case No. 12-cv-3183<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff U.S. Bank, National Association's ("U.S. Bank") motion for summary judgment. Defendant Tatyana Grinash's ("Grinash") response was originally due June 14, 2013. The Court sua sponte extended the deadline to December 16, 2013. No response has been filed. For the following reasons, U.S. Bank's motion is granted.

**Background**

On July 28, 2005, Fremont Investor & Loan ("Fremont") loaned Grinash approximately $211,650.00. In exchange, Grinash executed a Note in favor of Fremont in exchange and agreed to pay an 8.35% yearly interest rate as well as taxes, insurance, and any other escrow items that may apply. Grinash agreed to make monthly payments of $1,604.96 on the first of every month. MERS, Inc. ("MERS"), as nominee for Fremont, secured its interests in the Note by filing a Mortgage with the DuPage County Recorder on August 26, 2005, covering the property described as:

> LOT 845 IN SHINING WATERS UNIT 8, BEING A SUBDIVISION OF PART OF THE WEST ½ OF SECTION 25, TOWNSHIP 40 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, AND BEING A SUBDIVISION OF PART OF LOT 2 IN KENNEDY COMPNAY ASSESSMENT PLAT NO. 1, ACCORDING TO THE PLAT OF SAID SHINING WATERS UNIT 8 RECORDED JULY 27, 1978 AS DOCUMENT R78-69160, AND

1

CERTIFICATE OF CORRECTION RECORDED FEBRUARY 13, 1979 AS DOCUMENT R79-12601, IN DUPAGE COUNTY, ILLINOIS.

The property is more commonly known as: 1124 Evergreen Dr., Carol Stream, IL 60188.

MERS subsequently assigned its Mortgage to U.S. Bank. U.S. Bank then received all of Fremont's interests in the Property pursuant to the Mortgage and Note. U.S. Bank alleges that Grinash has failed to make monthly payments since October 1, 2011. As of July 9, 2012, an outstanding balance of $235,639.64 remains owing, with interest accruing on the unpaid principal balance at $12.84 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by U.S. Bank as a result of the default.

U.S. Bank filed this action for foreclosure on April 28, 2012. U.S. Bank filed a motion for summary judgment on May 7, 2013 and Grinash has failed to file a response.

**Legal Standard**

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Typically, all inferences drawn from the facts must be construed in favor of the non-movant, but the court is not required to draw every conceivable inference from the record. *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir.2009). Where the non-moving party has failed to respond to the motion for summary judgment, the Court departs from its usual posture of construing all facts in favor of the non-moving party; rather, the Court accepts as true all material facts contained in the moving party's statement of undisputed material facts. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir.1994) (internal citations omitted). However, "even if the opposing party completely fails to respond to a summary judgment motion, ... the court still must ascertain that judgment is proper 'as a matter of governing law.' " *Id*. at 1112.

**Discussion**

The clear and unambiguous terms of the Mortgage provide that U.S. Bank is entitled to the repayment of the debt evidenced by the Note with interest, payment of "all other sums, with interest," and Grinash's performance of her covenants and agreements under the Mortgage and Note. The Note shows that Grinash promised to repay Fremont for the $211,650.00 loan under the terms described above.

U.S. Bank asserts that Grinash is in default on her Note and Mortgage and, as of July 9, 2012, owes a total of $240,814.32 with unpaid interests accruing at a rate of $12.84 per day

thereafter. The Mortgage provides that, if the default is not cured, U.S. Bank "may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding." The Mortgage also states that U.S. Bank may recover its "expenses incurred in pursuing the remedies ... including, but not limited to, reasonable attorney's fees and costs of title evidence."

The Court finds that the Grinash has breached her agreement under the Note and Mortgage, and is in default. U.S. Bank has exercised its right to require payment of the debt, as well as to recover its expenses and attorneys' fees. There is no dispute as to the evidence or the legal conclusions to be drawn therefrom. Accordingly, the Court finds that U.S. Bank is entitled to summary judgment and an order of foreclosure.

**Conclusion**

U.S. Bank's motion for summary judgment and order of foreclosure is granted.

IT IS SO ORDERED.
Date: February 24, 2014

_____
Judge Sharon Johnson Coleman
United States District Judge